## COMMISSIONER OF INTERNAL REVENUE v. DOUGLASS' ESTATE et al.

### No. 8611.

Circuit Court of Appeals, Third Circuit.
Argued May 18, 1944.
Decided July 10, 1944.

Maryhelen Wigle, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and L. W. Post, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

George W. Van Slyck, of New York, City, for respondents.

Before BIGGS, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

In 1935 the decedent, Payson Stone Douglass, set up a trust for the benefit of his four children. Neither grantor nor beneficiaries were among the three trustees named. The settlor died in 1938. One of the children at that time was a minor. One paragraph of the trust instrument gave the trustees permission to apply the income of the minor's share, to the extent that the trustees deemed advisable, for the maintenance, education and support of the minor. The Commissioner claims that one-fourth of the value of the corpus of the trust is to be included in the decedent's gross estate for the purpose of estate tax. This was denied by the Tax Court. 1943, 2 T.C. No. 59. The Commissioner seeks reversal of that ruling in this Court.

The Commissioner's claim is based on § 302(c) of the Revenue Act of 1926 as amended, 26 U.S.C.A. Int.Rev.Acts, pp. 227, 228, the material portion of which is cited in the margin.[1] The Commissioner's argument also cites Article 18 of Treasury Regulations 80 (1937 Ed.) as amended.[2] The relevant statement is: "The use, possession, right to the income, or other enjoyment of the property, will be considered as having been retained by or reserved to the decedent to the extent that during any such period it is to be applied towards the discharge of a legal obligation of the decedent, or otherwise for his pecuniary benefit." This language is only helpful to the Commissioner's case if the phrase "is to be applied" is read to mean "may be applied". We think this a strained interpretation of the language used in the Regulations. If that language is applicable at all, it is rather in the direction of a conclusion opposed to that which the Commissioner now urges. We get no help from the Regulations, except to note that the theory of tax liability now urged goes beyond that which was conceived when the Regulations were promulgated.

[1] Sec. 302. "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, *except real property situated outside the United States*—" (As amended by the Act of 1934).

*    *    *    *    *    *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. *    *    *" (As amended by the Act of 1932).

[2] T. D. 4868, 1938-2 Cum. Bull. 355, continued in Article 18 of Treasury Regulations. 105.

The real argument for the Commissioner, however, is based upon the doctrine of constructive receipt following the decisions in income tax cases beginning with Douglas v. Willcuts, 1935, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391, and with special emphasis on Helvering v. Stuart, 1942, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154. It is urged that since, under § 167 of the income tax law,[3] the income of the trust, to the extent that it could have been used for the support of a minor child and thus relieve the settlor therefor, was taxable as part of the settlor's income, so the portion of the corpus which provided such income should be included in the gross estate at his death. While the immediate effect of the Stuart decision has been changed by statute,[4] the argument continues, the principle back of it is still valid.[5]

In addition to the theory thus advanced the Commissioner's argument cites Helvering v. Mercantile-Commerce Bank & Trust Co. et al., 8 Cir., 111 F.2d 224, certiorari denied, 1940, 310 U.S. 654, 60 S.Ct. 1104, 84 L.Ed. 1418. This involved a trust for a wife created by a husband in his lifetime. The income was to be paid to her for family expenses and her own maintenance and support. The Eighth Circuit held that the corpus of the trust was to be included as part of his estate for estate tax purposes. The decision is, obviously, not an authority on the question before us in this litigation. There is certainly an important difference of fact between the trust set up for the very purpose of providing for the settlor's legal obligation to his wife and the one in which disinterested trustees have an option to apply a portion of the income for the support of the settlor's minor child.

■ Under the section of the estate tax law already quoted, the settlor's estate is subject to the tax if he retained the possession or enjoyment of the income from the property or the right to designate the persons who should enjoy it. But he did neither. He granted the property to trustees, retaining nothing. The Commissioner's argument that these trustees would be likely to do what he asked of them about assigning income for the support of a minor child departs from the "practical" and "realistic" approach we are asked, in the same argument, to take. We have no notion what the trustees would have done had such a request been made. It is apparent, from the terms of the instrument, that the settlor could not direct or control the matter, once the trust settlement had become effective. The set of facts here presented is not therefore within the language of § 302(c), nor, as already stated, of the Regulations concerning that section.

■ To impose liability we should have to transfer the case law on the concept of constructive receipt, which has grown up under the different terminology of § 167 of the income tax law, over to § 302(c) of the estate tax law. The suggestion has a certain smooth plausibility. If the fruit can be taxed to the settlor as income, why may not the tree be taxed to his estate? The answer is that Congress has imposed liability for estate tax and income tax in different language. The Commissioner himself points out that Congress has shown no intention completely to integrate income and estate tax laws. See the many instances cited in Higgins v. Commissioner of Internal Revenue, 1 Cir., 1942, 129 F.2d 237, certiorari denied 1942, 317 U.S. 658, 63 S.Ct. 57, 87 L.Ed. 529. The "constructive receipt" doctrine is an artificial concept originated and applied, like fictions of the common law, to attain a desirable result. But like other fictions, it should not be taken out of its context and applied in a different situation. If this addition to tax law is to be made, the Congress, not the courts should make it.

The decision of the Tax Court is affirmed.

---

[3] "(a) Where any part of the income of a trust—

"(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

"(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; * * *." 26 U.S.C.A. Int. Rev.Code, § 167.

[4] § 134 of the Revenue Act of 1943, Public Law 235, 78th Cong., 2d Sess., 26 U.S. C.A. Int.Rev.Code § 167(c).

[5] It may well be that while the legislative ax cut down the stalk the roots still live, and new shoots may grow therefrom. Thus one commentator opines "that the Stuart case will continue to be a lively factor in the income taxation of trusts for support." Guterman, The Federal Income Tax and Trusts for Support (1944) 57 Harv.L.Rev. 479.