**LUCK v. EWING, Federal Security Administrator.**

No. 11610.

United States District Court
D. New Jersey.

June 14, 1949.

526

Anthony P. LaPorta, Hoboken, N. J., for plaintiff.

Alfred E. Modarelli, U. S. Atty., and Edward V. Ryan, Asst U. S. Atty., Newark, N. J., for defendant.

MEANEY, District Judge.

This is an action to procure a reversal of a decision of the Federal Security Agency under the Social Security Act, 42 U.S.C.A. § 301 et seq. The facts are not in dispute. Plaintiff is the widow of one Harry H. Luck. From their marriage in 1939 they lived together until 1942 when they voluntarily separated. By Articles of Separation they agreed to live apart and the husband agreed to provide support for the wife in the amount of $10 per week. He made various payments the last of which was on August 15, 1946. On November 17, 1947, he died never having resumed cohabitation. Plaintiff applied for a lump sum death payment and was awarded the sum of $205.26 by the Bureau of Old Age and Survivors Insurance as one equitably entitled by reason of having paid out burial expenses, but was denied a lump sum payment as a widow. At the same time the Bureau informed plaintiff that she would not be entitled to widow's insurance benefits on attaining the age of sixty-five.

A hearing was held before a referee of the Social Security Administration who decided that the plaintiff had not qualified as a widow who was "living with" the wage earner at the time of his death. It is not clear however whether his decision was made with reference to the monthly benefits at age 65 or to the lump sum payment. In his decision he states that the claimant was dissatisfied with the determination that she would not be entitled to widow's benefits at 65 and makes reference to Section 202(d) of the Act which provides for benefits at 65. The remainder of his decision however is equally applicable to the question of lump sum payments and he made no express determination that the plaintiff would not be entitled to benefits at 65. The Appeals Council of the Federal Security Agency denied a request for a review of the referee's decision which then became the final decision of the Administrator within the meaning of the Social Security Act, 42 U.S.C.A. § 405(g). See: 20 C.F.R.1947 Supp. § 403.710(e). Plaintiff seeks a reversal of this decision and an order allowing plaintiff widow's

benefits when she shall have attained the age of 65.

Lump sum benefits are payable under the statute, "to the person, if any, determined by the Administrator to be the widow or widower of the deceased and to have been living with the deceased at the time of death." 42 U.S.C.A. § 402(g). Under section 209(n), 42 U.S.C.A. § 409(n), "* * * a widow shall be deemed to have been living with her husband at the time of his death if * * * he had been ordered by any court to contribute to her support." The regulations are to the same effect. 20 C.F.R.1947 Supp. § 403.-834(c). Plaintiff claims that the Articles of Separation are equivalent to a court order for her support and that she was in contemplation of law "living with" the decedent at the time of his death.

It would seem to be elementary that a private agreement cannot be considered the equivalent of a court order. Although the statute is remedial and should be broadly construed, Richards v. Social Security Administration, D.C., 76 F.Supp. 12, it has nevertheless laid down definite requirements to determine elegibility for benefits. The court in its interpretation must necessarily be restricted by the language used. Accordingly the court concludes that these Articles of Separation are not equivalent to a court order and that plaintiff was not living with the decedent at the time of his death within the meaning of the statute, 42 U.S.C.A. § 402(g). The Federal Security Agency therefore properly denied her a widow's lump sum payment.

Plaintiff's demand for an order allowing her to be entitled to monthly social security benefits when she shall have attained the age of 65 is premature. Section 205(m) of the Act, 42 U.S.C.A. § 405(m), provides:

"No application for any benefit under sections 401–409 of this title filed prior to three months before the first month for which the applicant becomes entitled to receive such benefit shall be accepted as an application for the purposes of sections 401–409 of this title."

Since plaintiff is at present 58 years of age any determination of her benefits accruing at age 65 would be clearly premature. The Agency was without jurisdiction to determine that question since it was never properly before it. It is not entirely clear whether the Agency decided that plaintiff would not be entitled to benefits when she shall have attained the age of 65, or whether its references to her future benefits were merely advisory. At any rate, because of this ambiguity the decision of the Agency should be modified so that it is confined to a determination of plaintiff's right to a lump sum benefit. So modified the decision is affirmed.

Judgment for defendant without costs to either party.