Anna S. McCULLOUGH and Jay G. Stephens, Executors of the Estate of Frank H. Stephens, Deceased, Plaintiffs,

v.

Stanley GRANGER, Defendant.

Civ. A. No. 11060.

United States District Court, W. D. Pennsylvania.

Jan. 26, 1955.

**612**

Donald L. McCaskey, Pittsburgh, Pa., for plaintiff.

Andrew D. Sharpe, Sp. Asst. to Atty. Gen., John W. McIlvaine, U. S. Atty. Western Dist. of Pennsylvania, ·Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

This case has been submitted upon an agreed statement of facts. Counsel have been heard on oral argument, briefs have been submitted and have been considered. The complaint is based on plaintiffs' contention that the inclusion of a joint and survivor annuity in the estate tax return filed by executors under the will of Frank H. Stephens, deceased, was erroneous, and a refund is claimed on account of the tax assessed thereon. The defendant now concedes the issues raised in the complaint, but asserts a set-off. The set-off poses the question whether the corpus of an inter vivos trust created by the decedent for his minor son should have been included in the decedent's gross estate under 26 U.S.C.A. § 811(c) (1) (B). The parties make further reference to Treasury Regulation 105:

> "Sec. 81.18. Transfers with possession or enjoyment retained.—
>
> "The use, possession, right to the income, or other enjoyment of the property will be considered as having been retained by or reserved to the decedent to the extent that during any such period it is to be applied towards the discharge of a legal obligation of the decedent, or otherwise for his pecuniary benefit."

If the inter vivos trust was not includable in the decedent's taxable estate, then plaintiff is entitled to judgment of $9,-317.16, being the amount of the overpayment of the estate tax, and an additional sum of $60.28, being the amount of overpayment of interest. If the trust corpus was includable in the decedent's taxable estate, then the parties have agreed that plaintiffs may not recover in this action. Based on the stipulation, I make the following

### Findings of Fact

1. The plaintiffs are the executors of the estate of Frank H. Stephens, who died testate and domiciled in the Commonwealth of Pennsylvania on October 10, 1946. By his last will, dated December 19, 1941, and probated before the Register of Wills of Allegheny County, Pennsylvania, on November 6, 1946, he appointed his wife, Anna A. Stephens, and his son, Jay G. Stephens, executors. Letters testamentary were granted to the said Anna A. Stephens and Jay G. Stephens by the Register of Wills of Allegheny County, Pennsylvania, on November 6, 1946, at No. 5778 of 1946, and such letters are still in effect. Anna A. Stephens subsequently remarried and is now Anna S. McCullough.

2. The defendant Stanley Granger was, at all times material herein, the Collector of Internal Revenue for the Twenty-third District of Pennsylvania. On November 11, 1952, Stanley Granger ceased to be the Collector of Internal Revenue for the said Twenty-third District of Pennsylvania.

3. On January 7, 1948, the plaintiffs filed with the defendant the federal estate tax return of the estate of Frank H. Stephens. Of the amount of federal estate tax shown due by the said return in the amount of $62,640.97, $28,500 was paid by the plaintiffs on November 18, 1947, and the balance of $34,140.97 was paid by the plaintiffs on January 7, 1948, both payments being made to the defendant. In the said return the plaintiffs elected to value the estate under Section 811(j) of the Internal Revenue Code (1939), as of a date one year after the death of Frank H. Stephens.

4. On October 11, 1949, the Internal Revenue Agent in Charge, Pittsburgh, Pennsylvania, issued a report of examination of the said estate tax return in which he proposed a net estate tax deficiency in the amount of $536.04.

5. On November 1, 1949, the plaintiffs executed an acceptance of the proposed deficiency and waived restrictions on the assessment thereof and filed the same with the Internal Revenue Agent in Charge, Pittsburgh, Pennsylvania, for transmission to the Commissioner of Internal Revenue.

6. On December 8, 1949, the plaintiffs paid to the defendant the deficiency of $536.04 with interest thereon to November 25, 1949, in the amount of $60.-28 in accordance with a statement of estate tax due issued by the said defendant.

7. The value of a joint and survivor annuity contract, reported as Item 8 in Schedule F of the federal estate tax return, was erroneously included in the gross estate of the decedent. The value of this contract for estate tax purposes was determined to be $33,836.79, and federal estate tax was paid thereon.

8. On January 9, 1950, the plaintiffs duly filed with the defendant for transmission to the Commissioner of Internal Revenue, a claim for refund of federal estate tax in the amount of $9,317.16, on the grounds that no part of the joint and survivor annuity contract upon which estate tax had been paid was properly includable in the gross estate.

9. On February 15, 1952, the Commissioner of Internal Revenue disallowed the foregoing claim for refund in its entirety by letter properly addressed to the plaintiffs. All conditions precedent to the entry of this suit have been performed or have occurred.

10. No part of the amount of $9,377.-44 claimed by the plaintiffs as overpayment of estate tax in the amount of $9,317.16 and overpayment of interest in the amount of $60.28 has ever been refunded or in any manner credited to the plaintiffs.

11. The defendant, for the purpose of this action, concedes that the value of the joint and survivorship annuity contract referred to in paragraph 7 was erroneously included in the gross estate of decedent and that the assessment of tax based on the inclusion of said joint and survivorship annuity contract in the taxable estate of decedent was erroneous. The defendant denies that the taxable estate of the decedent is thereby reduced, however, because of a set-off pleaded by defendant. The issue raised by the set-off is whether the corpus of an *inter vivos* trust created by decedent for his minor son should have been included in his taxable estate. If .the Court determines that this trust, based on the facts hereinafter set forth, was not includable in decedent's taxable estate, then defendant concedes that decedent's gross estate should be reduced by the sum of $33,836.79 attributable to the value of the joint and survivorship annuity contract erroneously included in the taxable estate, and that plaintiffs are entitled to a judgment for the tax paid thereon plus interest from dates of payment. If the Court determines that the trust was includable in decedent's taxable estate, then the parties agree that plaintiffs shall take nothing from their action.

12. On December 24, 1936, the said Frank H. Stephens as donor and Anna A. Stephens and Jay G. Stephens as trustees, entered into a deed of trust for the benefit of the son of Frank H. Stephens, Frank H. Stephens, Jr., who was born on March 15, 1928, and was a minor of the age of eight years on the date of execution of the deed of trust. Pursuant to the provisions of the said deed of trust, Frank H. Stephens on December 24, 1936, transferred to the trustees 600 shares of the common stock of Allegheny Ludlum Steel Corporation, having a basis for income tax purposes of $2,791.08 and carried on the books of the trustees at that amount. Thereafter from time to time

the said Frank H. Stephens transferred to the trustees the following cash and securities on the dates indicated and at the carrying values indicated:

| | | |
|---|---|---:|
| Dec. 24, 1937 | 200 sh. Allegheny Ludlum Steel Corp., com. | $ 930.36 |
| Dec. 24, 1938 | 100 sh. Allegheny Ludlum Steel Corp., com. | 465.18 |
| Dec. 6, 1939 | $700 U.S.A. Treasury Bonds, 3¼% 5/15/44–46 | 700.00 |
| Dec. 25, 1939 | 100 sh. Allegheny Ludlum Steel Corp., com. | 465.18 |
| Jan. 19, 1940 | $650 U.S.A. Savings Bonds, Series D, due Jan. 1, 1950 | 487.50 |
| Feb. 16, 1940 | Cash | 283.05 |
| Dec. 16, 1940 | 100 sh. Allegheny Ludlum Steel Corp., com. | 465.18 |
| June 30, 1943 | Cash (proceeds sale of 38 sh. Allegheny Coal and Coke Co. stock) | 2,850.00 |
| Dec. 6, 1943 | 100 sh. Allegheny Ludlum Steel Corp., com. | 625.00 |
| | $50 U.S.A. Savings Bond Series E, due Oct. 1, 1954 | 37.50 |

The carrying value of the foregoing transfers aggregated $10,100.03.

13. During the life of Frank H. Stephens, the trustees disbursed none of the income or principal of the trust to or for the benefit of the beneficiary Frank H. Stephens, Jr. All of the income was accumulated in accordance with the powers of the trustees, and in some cases was reinvested. During the life of Frank H. Stephens, all of the income of the trust was taxed to the trustees and no part of such income was included in the income of the said Frank H. Stephens.

14. On October 10, 1947, the optional valuation date in the estate of Frank H. Stephens, the amount of accumulated income in the trust, represented by reinvestments, aggregated $7,204.17.

15. On October 10, 1947, the optional valuation date in the estate of Frank H. Stephens, the entire assets held by the trust, and their market values on that date were as follows:

Corpus

| | |
|---|---:|
| 800 sh. Allegheny Ludlum Steel Corp., com. at 34.75 | $27,800.00 |
| 426.34 sh. Pennsylvania R. R. Co., com. at 17.875 | 7,620.83 |
| $650 U.S.A. Savings Bonds, Series D, due 1/1/50 | 487.50 |
| $2000 U.S.A. Savings Bonds, Series E, due 9/1/53 | 1,500.00 |
| $100 U.S.A. Savings Bonds, Series E, due 10/1/53 | 75.00 |
| $50 U.S.A. Savings Bonds, Series E, due 10/1/54 | 37.50 |
| | $37,520.83 |

Reinvested Income

| | |
|---|---:|
| 73.66 sh. Pennsylvania R. R. Co., com. at 17.875 | $ 1,316.67 |
| 100 sh. General Motors Corp., com. at 58.875 | 5,887.50 |
| | $ 7,204.17 |

Income

| | |
|---|---:|
| Cash | $ 1,348.27 |
| Accrued interest on U.S. Savings Bonds | 204.00 |
| | $ 1,552.27 |

16. The creation of this trust was disclosed by the plaintiffs in the federal estate tax return for the estate of Frank H. Stephens, but no part of this trust was included by the plaintiffs as part of the taxable estate of Frank H. Stephens. No

part of this trust was included in the gross estate by the Internal Revenue Agent in Charge, Pittsburgh, Pennsylvania, in his report of examination.

17. In 1949, Anna A. Stephens and Jay G. Stephens, as trustees of the foregoing trust, filed a first and final account with the Orphans' Court of Allegheny County, Pennsylvania, at No. 1568 of 1949.

## Discussion

The government's argument is that the decedent was under a legal duty to educate, care for and maintain his minor son under the law of Pennsylvania, and that the trust instrument specifically provided that the income was to be spent for that purpose; so that, having provided a trust, the decedent, in part at least, was merely discharging his legal obligation of supporting his minor son. Thus, under Treasury Regulation 105, the income of the trust was to be applied toward a legal obligation of the decedent and he must be held to have retained the enjoyment of that income. In support of its position, defendant cites Helvering v. Mercantile-Commerce Bank & Trust Co., 8 Cir., 111 F.2d 224, Commissioner of Internal Revenue v. Dwight's Estate, 2 Cir., 205 F.2d 298, and other cases.

Defendant seeks to distinguish Commissioner of Internal Revenue v. Douglass Estate, 3 Cir., 143 F.2d 961. In the Douglass case, Judge Goodrich in his opinion refers to decisions, beginning with Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154, and Helvering v. Mercantile-Commerce Bank & Trust Co., supra. He then says [143 F.2d 963]:

"Under the section of the estate tax law already quoted, the settlor's estate is subject to the tax if he retained the possession or enjoyment of the income from the property or the right to designate the persons who should enjoy it. But he did neither. He granted the property to trustees, retaining nothing. The Commissioner's argument that these trustees would be likely to do what he asked of them about assigning income for the support of a minor child departs from the 'practical' and 'realistic' approach we are asked, in the same argument, to take. We have no notion what the trustees would have done had such a request been made. It is apparent, from the terms of the instrument, that the settlor could not direct or control the matter, once the trust settlement had become effective. The set of facts here presented is not therefore within the language of § 302(c), nor, as already stated, of the Regulations concerning that section."

The language used in the trust instrument in the Douglass case is substantially similar to the pertinent words used in the Stephens trust. The trust here is irrevocable. The trustees have broad power. It is recognized that only net income may be accumulated during infancy. It is not mandatory that any of the income or any portion of the principal be expended for the benefit of the son. In the Douglass case, the significant language of the trust reads:

"* * * with power to accumulate the income and/or apply so much thereof and/or so much principal thereof as they may deem necessary for the education, support and maintenance of said minor."

The words in the trust under consideration are:

"(b) To use, pay out and apply so much of the net income and such portion or portions of the corpus as the Trustees may from time to time deem necessary for the education, care and maintenance of the Donor's son, Frank Hastings Stephens, Jr."

It should be observed that the trust was created in 1936 when the son was eight years old. When the deed of

trust was executed, the father, Frank H. Stephens, transferred to the trustees 600 shares of Allegheny Ludlum Steel Corp., valued at $2,791.08. From time to time thereafter the father made additional advances to the trust so that the optional value at the filing of the return was $46,277.27. None of the income or principal was used for the benefit of the son at any time prior to the death of the donor. The income from the principal was taxed to the trustees. The father granted property to trustees, retaining nothing. He could not enjoy the income nor could he change the beneficiary of the income. It is said that because the trustees were his wife and another son, that he, in effect, retained control. As Judge Goodrich said, in the Douglass case, "We have no notion what the trustees would have done had such a request been made." To assume that the donor controlled the trustees because they were his wife and another son is but to speculate. There is no indication that the donor did, in fact, exercise any control over the trustees during his lifetime.

From the instrument it cannot be said that the donor intended to discharge his sole liability for the support and maintenance of his son in creating the trust of 1936. From all indications the trust was simply a nest egg for the benefit of the son. It is true, of course, that if he were held to answer in Court for neglect to support his son, consideration would have been given to the trust created. Nevertheless, he himself could not have enlarged on the payments of income, nor directed payment of any portion of the principal. As to payments, the trustees had the option and discretion. It is believed that the Douglass decision is controlling here.

## Conclusions of Law

1. The value of the joint and survivor annuity contract reported as Item 8 in Schedule F of the federal estate tax return of Anna S. McCullough and Jay G. Stephens, executors of the estate of Frank H. Stephens, deceased, was erroneously included in the estate of the decedent in the sum of $33,836.79, and the federal estate tax paid thereon.

2. On October 10, 1947, the optional valuation date of the Estate of Frank H. Stephens, the assets in the total sum of $46,277.27 held by trustees under the deed of trust created by decedent, Frank H. Stephens, dated December 24, 1936, were not includable in decedent's gross estate.

3. The value of the gross taxable estate of the decedent Frank H. Stephens is reduced by the sum of $33,836.79, which is the value of the joint and survivor annuity contract erroneously reported in the estate tax return as aforesaid.

4. The plaintiffs, Anna S. McCullough and Jay G. Stephens, executors of the estate of Frank H. Stephens, deceased, are entitled to a refund of federal estate tax paid in the amount of $9,317.16.

5. The plaintiffs, Anna S. McCullough and Jay G. Stephens, executors of the estate of Frank H. Stephens, deceased, are entitled to a refund of interest paid in the amount of $60.28.

6. Plaintiffs, Anna S. McCullough and Jay G. Stephens, executors of the estate of Frank H. Stephens, deceased, are entitled to interest on the aforesaid amounts heretofore paid, as follows:

(a) Interest on the sum of $596.32 from December 8, 1949.

(b) Interest on the sum of $8,781.12 from January 7, 1948.

Judgment will be directed accordingly.