**Evelyn B. STUART, Plaintiff,**

v.

**Oveta Culp HOBBY, as Secretary of Health, Education and Welfare, Defendant.**

United States District Court
S. D. New York.

Feb. 16, 1955.

James J. Leonard, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, Eliot H. Lumbard, New York City, of counsel, for defendant.

**610**

BICKS, District Judge.

By this suit plaintiff seeks reversal of a decision of the Social Security Administration denying her widow's insurance benefits under 42 U.S.C.A. §§ 402 (e) (1) (D). Defendant moves for summary judgment and plaintiff cross moves for the same relief.

The material facts are undisputed. The deceased wage earner died in 1944 leaving plaintiff, whom he married in 1911, as his surviving spouse. By 1915 they had separated and, in a separation suit instituted by her that year in the Supreme Court of the State of New York, an order[1] was made directing the wage earner to pay a counsel fee to plaintiff's attorney in the action and to plaintiff the sum of $25 a week for her support pendente lite. Within two months after entry of the said order plaintiff and wage earner entered into a separation agreement under which he agreed to pay during his life, $85 per month for her support and maintenance. On February 29, 1916, the day following execution of the separation agreement, two orders were entered in the separation suit, one vacating the temporary alimony order and the other discontinuing the action.

The wage earner paid the monthly stipend under the separation agreement until December 15, 1923, when he took off for parts unknown to the plaintiff.

The widow of an individual who died an insured wage earner is entitled to widow's insurance benefits under the Act only if she was living with such individual at the time of his death[2]. For the purposes here material a widow is deemed to have been living with her husband at the time of his death "if they were both members of the same household on the date of his death, or she was receiving regular contributions from him toward her support on such date, or he had been ordered by any court to contribute to her support"[3].

It is not contended that plaintiff's status falls within either of the first two categories. Plaintiff does, however, urge that since, by the terms of the temporary alimony order the wage earner "had been ordered by [a] Court to contribute to [plaintiff's support]" she is encompassed within the third category. It is contended also that the regulations promulgated under the Act are invalid insofar as they require such order to be in full force and effect at the time of the wage earner's death[4].

▪ A husband generally is under a legal duty to support his wife and the widow's insurance benefits under the Act were designed to provide the widow a modicum of security when death dries up that source of her support. Where the husband and wife had been living together or, if separated the husband

1. Hereinafter referred to as the temporary alimony order.

2. 42 U.S.C.A. § 402(e) (1) (D).

3. 42 U.S.C.A. § 416(h) (2).

4. Section 404.1111, Social Security Administration Regulation No. 4, 20 Code Fed.Regs. § 404.1111 (Supp. to 1949 Ed.) provides:

" § 404.1111 Definition of "living with'.—

"The wife or husband, as the case may be of the individual upon whose wages and self-employment income her or his application is based is deemed to be 'living with' such individual at the time application for a wife's or husband's benefit is filed, and such individual's widow or widower is deemed to have been living with such individual at the time of such individual's death, if, at such time, any one of the following conditions is met:

\*    \*    \*    \*    \*

"(c) Such individual had at such time been ordered by any court to contribute to the applicant's support.—This condition is met if such individual is legally compelled to contribute to the support of the applicant *at the particular time* by reason of any order, judgment, or decree of a court of competent jurisdiction, regardless of whether he or she actually made such contribution. In determining the existence of such legal compulsion, any such order, judgment, or decree shall be considered as in full force and effect unless it has expired or has been vacated." (Emphasis supplied.)

had not been recreant in the discharge of his financial responsibilities, the widow's benefits serve to maintain a status quo. The death of a wage earner who at his death neither lived with his spouse nor made any regular contributions towards her support, does not create a situation necessitating financial relief.

In those instances where a court order had been made directing contributions towards the support of the spouse, the Act's benefits are intended as a substitute for the rights under the alimony order, post mortem the wage earner. To effectuate the latter objective, the regulations provide that the condition entitling the widow to benefits is met if a valid court order exists, regardless of whether the wage earner had complied with the terms thereof [5]. If, when the wage earner died, the court order was not in full force and effect, his death terminated no court conferred right or benefit which the widow then enjoyed and the condition has not been met. The separation agreement entered into between the plaintiff and wage earner obviously is not the equivalent of a court order [6].

A logical extension of plaintiff's position demonstrates its unsoundness. If we are to adopt her reasoning that the test is not whether the court order is in effect when the wage earner dies but, rather, whether a court order had ever been made, then a widow who once obtained an order for alimony pendente lite would be entitled to benefits under the Act notwithstanding that the action in which the order was obtained eventuated in a final judgment denying her permanent alimony.

The regulation here involved is reasonable and fairly reflects the intendment of the Act.

Defendant's motion for summary judgment granted.

5. Supra, note (4).

6. Luck v. Ewing, D.C.N.J.1949, 84 F.Supp. 525.