**Irene L. JACOBSEN, Plaintiff,**

v.

**Marion B. FOLSOM, Acting Secretary, Department of Health, Education and Welfare, Defendant.**

Civ. No. 15793.

United States District Court
E. D. New York.

March 16, 1956.

George N. Brickfield, Brooklyn, N. Y., for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Myron Friedman, Asst. U. S. Atty., Long Beach, N. Y., of counsel, for defendant.

BRUCHHAUSEN, District Judge.

The defendant has moved for summary judgment. The plaintiff, by cross-motion, seeks the same relief in her favor.

The action was brought for an order directing a review of the decision of the Social Security Administration, disallowing plaintiff's application for Social Security benefits. The plaintiff, upon the death of her husband, filed the application for lump sum death payment. The essential facts are not in dispute. The question involved is whether, within the meaning of the statute, 42 U.S.C.A. 402 (i), the plaintiff was "living with the deceased (her husband) at the time of (his) death."

The facts are that the marriage occurred in 1917; that two children were born of the union; that the plaintiff and her husband separated in 1924; that from that time on they ceased living together; that in 1929 an order was made by the Domestic Relations Court directing the husband to pay $15 per week for the support of the children and the said order was in full force and effect at the time of the husband's death and that there was no order of any court, requiring the husband to contribute to the support of his wife, the plaintiff.

The said statute and Section 404.1111 of the Social Security Regulations set forth, in substance, that the widow applicant is deemed to have been living with the husband at the time of his death, if at such time any one of the following conditions was met, viz.:

(a) The husband and wife were at such time members of the same household.

(b) The wife was at such time receiving contributions from the husband toward her support.

(c) The husband had at such time been ordered by any court to contribute to the applicant's support.

The plaintiff now makes no claim that she and her husband were members of the same household at the time of his death or that a court order existed, di-

recting him to support her. Her contention is that, while the husband made no support payments to her, he was not, although willing, financially able to do so, and that the law and regulations (particularly item (b), aforesaid) support a claim under such circumstances. (Plaintiff's brief, page 3.)

It appears that in his revised decision, the Referee, at the plaintiff's request, made an additional finding, viz.:

"The record shows that the wage earner (husband) recognized an obligation to support the claimant (wife) ever since their separation in 1924 and especially since the time the claimant (wife) was forced to stop work in 1929. The record shows, however, that the wage earner (husband) was financially unable to make such contributions."

Each of the alternative provisions of the Regulation state or imply that the wife, as a condition precedent to benefits under the statute, must establish that she was being supported by the husband.

The complete text of item (b) of Section 404.1111 of the Regulations hereinabove mentioned is:

"The applicant was at such time receiving contributions from such individual toward his or her support. Contributions must be substantial, and may be made in cash or other medium. In determining the sufficiency of contributions under this section, the surrounding circumstances with respect to both the time when contributions were received by the applicant for his or her support and the amount thereof shall be taken into consideration."

The Referee, in his revised decision, reported that under "surrounding circumstances", such as the failure to make contributions for a period of a few weeks or a few months, prior to the wage earner's death, the Administration has allowed claims for benefits, but not where, as in the instant case, no contribution has been made during a period of twenty-nine years.

The plaintiff concedes that the Administration has been indulgent to claimants where wage earners have temporarily failed to contribute, due to sickness, disability or lack of funds. (Plaintiff's brief, page 9.) She has cited no case involving failure to contribute for any greater length of time.

That the intent of the statute is to compensate the widow for the economic loss to her, occasioned by the wage-earner's death is also emphasized in the decisions in the cases of Colbert v. Hobby, D.C., 130 F.Supp. 65 and Stuart v. Hobby, D.C., 128 F.Supp. 609. The Court in the Colbert case said [130 F.Supp. 67]:

"It is a benefit that flows from suffering a statutorily identifiable economic detriment, and is not necessarily or entirely dependent upon marital status."

In affirming the judgment in the Colbert case, Colbert v. Folsom, 2 Cir., 230 F.2d 846, the Court of Appeals on March 5, 1956, wrote that "The legislative history (of the Act) * * * demonstrates that the statutory phrase (living with the wife) did not contemplate * * * [a] windfall to those suffering no economic loss from the wage earner's death * * *."

In the Stuart case, the Court said [128 F.Supp. 611]:

"The death of a wage earner who at his death neither lived with his spouse nor made any regular contributions towards her support, does not create a situation necessitating financial relief."

The defendant's motion for summary judgment is granted. The plaintiff's cross-motion is denied.