**Grace M. SPARKS**

v.

**The UNITED STATES of America**

**and**

**Marion B. Folsom, Secretary of Health, Education and Welfare.**

**Civ. A. No. 2006.**

United States District Court
D. Vermont.
July 18, 1957.

Judgment Ordered as Amended
Oct. 11, 1957.

**910**

Russell A. Clark, Jr., Springfield, Vt., for plaintiff.

Louis G. Whitcomb, U. S. Atty., Rutland, Vt., for defendants.

GIBSON, District Judge.

Statement of the Case:

This is an action arising under the Social Security Act, Title 42 U.S.C. § 405(g). The complaint was filed on May 3, 1956. Both plaintiff and defendant filed motions for summary judgment. There is no dispute as to the facts, which are these:

Grace M. Sparks became the widow of Verne H. Sparks by reason of his death, January 29, 1949. Verne was a fully insured individual under the Act. Grace was born July 12, 1888, and at the time of Verne's death was 61 years old. When she became 65 years of age on July 12, 1953, she forthwith applied and was given a benefit of $54.30 per month, which continued until May, 1954.

On May 29, 1954, Grace M. Sparks married Edward E. Colby and lived with him in Andover, Vermont, until about the 1st day of December, 1954, when she separated from him. On April 5, 1955, she filed a petition for annulment of this marriage in Windsor County Court, which was heard by that Court on July 18, 1955. The petition alleged two grounds for annulment: (1) that petitionee was physically incapable of entering into the marriage contract, and (2) by reason of petitionee's failure to divulge said fact to petitioner when he had a duty to speak, she alleged that her consent to the marriage was obtained by fraud.

On July 18, 1955, the Windsor County Court granted the petition on the grounds that the consent to said marriage had been obtained by fraud and entered a decree "that the marriage between the above parties is annulled and declared void."

The widow of Verne H. Sparks made application to the Social Security Board on August 4, 1955, for reinstatement of her monthly social security benefits and also made claim for monthly payments which had accrued since the payments were terminated in May, 1954.

The theory of the application for reinstatement was that because the marriage to Colby was declared void, no valid marriage ever existed between Mrs. Sparks and Colby and Mrs. Sparks was and still is the unremarried widow of Verne H. Sparks; and by being such widow and being in need is entitled to the benefits of the Social Security Act. The matter was referred to the Area office and a decision adverse to the widow was made. Successive appeals from this decision were taken until the final administrative decision was made March 29, 1955. The final decision was adverse to the plaintiff and this matter comes here for the consideration of this Court in the nature of a review of the administrative decision.

## Conclusions of Law.

██ Here we are dealing with an interpretation of the Social Security Act (Title 42, § 301 to § 1355, U.S.C.), an act passed by the United States Congress. Jurisdiction to hear this matter is conferred by Title 42, Sec. 405(g), of the U. S. Code. Since jurisdiction of this Court does not depend on diversity, the Erie-Tompkins rule does not apply, and we are not bound by State Court decisions. Reconstruction Finance Corp. v. United Distillers Products Corp., 2 Cir., 1956, 229 F.2d 665. The statute is a federal law and the interpretation of it must be made by the federal judiciary pursuant to federal rules. De-Gorter v. Federal Trade Commission, 9 Cir., 1957, 244 F.2d 270, at page 277. It would not be reasonable to attribute to Congress an intent to set up Social Security benefits which would not apply alike to all people in similar situations.

Sec. 202(e) of the Social Security Act (42 U.S.C. § 402(e)) provides in part as follows:

"(e) (1) The widow * * * of an individual who died a fully insured individual after 1939 if such widow—

"(A) has not remarried,

"(B) has attained retirement age,

"(C) (1) has filed application * * *

"(D) was living with such individual at the time of his death, and

"(E) * * * shall be entitled to a widow's insurance benefit for each month, beginning with the first month after August, 1950 in which she becomes so entitled to such insurance benefits and ending with the month preceding the first month in which any of the following occurs: she remarries * * *."

The plaintiff here, widow of Verne H. Sparks, when she became 65 on July 12, 1953, applied for and was granted a benefit of $54.30 per month. On May 29, 1954, she went through a marriage ceremony with Edward E. Colby and her benefit payments were immediately stopped. On July 18, 1955, her marriage to Colby was "annulled and declared void" on the grounds that her consent to the marriage had been procured by fraud upon the part of Colby. This judgment was entered by the Windsor County Court, a State Court having jurisdiction over such matters. This judgment stands in full force and effect and is binding on the parties to the annulment action.

██ The question therefore arises— was the plaintiff remarried within the meaning of the Social Security Act when her consent to the second marriage was procured by fraud and that marriage "annulled and declared void" by a State Court of competent jurisdiction. We rule that under this situation she has not remarried within the meaning of Sec. 202(e) of the Social Security Act. (42 U.S.C. § 402(e).

██ When the Windsor County Court "annulled and declared void" the plaintiff's second marriage, it proclaimed that this second marriage never existed. Webster's New International Dictionary defines annul as "to annihilate, obliterate, blot out * * *" It defines void as "to make to be of no validity or effect." And that is just what happened to plaintiff's remarriage. It was blotted out and made of no effect. Had this been a divorce action, she might have received a property settlement or a support or alimony order. It being annulled, under Common Law she could secure no support order (35 Am.Jur., Marriage, Sec. 71), since Colby had no legal duty cast upon him to support her. Thus common sense and plain justice require that the plaintiff's motion for summary judgment be granted and defendant's motion for summary judgment be denied.

This Court fully concurs with the reasoning of Chief Judge Roche of the Northern District of California in the case of Pearsall v. Folsom, 1956, 138 F. Supp. 939 and of Judge Taylor of the Southern District of Idaho as reported in Mays v. Folsom, 1956, 143 F.Supp.

784. The Pearsall case was recently affirmed by the 9th Circuit Court of Appeals. 245 F.2d 562.

 The ruling of the Administrator brings a result directly contrary to the purpose of the Act. A husband is under a legal duty to support his wife, and the widow's insurance benefits under this portion of the Act were designed to provide the widow with some security upon the death of her husband and the consequent loss of his support. Stuart v. Hobby, D.C.1955, 128 F.Supp. 609. See also United States v. Silk, 1947, 331 U.S. 704, at pages 710 and 712, 67 S.Ct. 1463, 91 L.Ed. 1757.

This part of the Act is to be liberally construed to aid in the achievement of the purpose of the Act. Schroeder v. Hobby, 10 Cir., 1955, 222 F.2d 713.

To follow the ruling of the Administrator might result in shocking results—results that would defeat the very purpose which motivated the Congress to pass the Act. Suppose, for instance, a widow drawing insurance benefits under this Act was abducted by a felon and forced by threat of bodily harm to go through a marriage ceremony. Even though this marriage was later annulled, if the Administrator's ruling were followed, this widow would be cut off from her Social Security insurance benefits. It would not be hard to contemplate other such instances—instances that would lead to terrific injustices were the Administrator's decision to be followed. But we will not belabor the point.

This Court holds that this case involves a federal matter, and that for purposes of the Social Security Act, "remarry" means to enter into a valid marriage contract. For the purpose of the statute, any remarriage is to be presumed valid. But if at a later time it is annulled and declared void by a Court of competent jurisdiction, then under this Act the remarriage must be treated as though it had never occurred. This applies equally whether the annulled marriage was void—or merely voidable.

We hold that when Grace M. Sparks' marriage to Edward E. Colby was annulled and decreed void by the Windsor County Court, as far as the Social Security Act is concerned, said marriage was erased—as though it never had existed. As of the date of the decree (July 18, 1955), Grace M. Sparks became once again eligible for Social Security benefits.

Amended Judgment Order

The judgment order in the above-entitled cause, entered on the 18th day of July, 1957, is hereby amended to read as follows:

Accordingly, it is ordered that the motion of plaintiffs for summary judgment be, and the same is hereby granted; and that the motion of defendant for a summary judgment be, and the same is hereby denied. The decision of the Administrator of the Social Security Administration entered in this matter is reversed and the matter is remanded to the Social Security Administrator solely for the determination of the amount due plaintiff in accordance with this decision. It is not remanded for rehearing.