### RICHARDS v. SOCIAL SECURITY ADMINISTRATION.

Civ. A. No. 6873.

District Court, D. Massachusetts.

Feb. 26, 1948.

Joseph F. Pelletier, of Salem, Mass., for plaintiff.

William T. McCarthy, U. S. Atty., and Edward D. Hassan, Asst. U. S. Atty., both of Boston, Mass., for defendant.

SWEENEY, District Judge.

The plaintiff brings this action to review a decision of the Social Security Administration as provided in Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g).

The plaintiff is the widow of one Melvin Richards, who died in Florida in September 1945. She filed a claim for herself and her minor daughter. The daughter's claim was allowed and the widow's was denied on the ground that she was not "living with her husband at the time of his death", within the meaning of Section 209(n) of the Act.

### Findings of Fact

The plaintiff and Melvin Richards were married in Massachusetts in 1930, and lived here together as husband and wife until August 1935. On October 31, 1935, the husband pleaded guilty to a complaint charging him with desertion and nonsupport of his wife. The Court placed Richards on probation for one year, and ordered him to make payments weekly for the support and maintenance of his family. In October 1936, the term of probation was extended for one year. At or about this time Richards again deserted his wife and moved to Florida where he lived until his death. He defaulted his appearance before the District Court in Salem in 1937, and a capias was issued for his arrest. It was never served, however, and the Common-wealth made no effort to compel him to return to Massachusetts and assume his proper burden. Section 209(n) of the Act, in defining the phrase "living with", as used in Section 202(e), includes one who is receiving regular contributions from her husband towards her support or "* * * he had been ordered by any court to contribute to her support". This is a broad interpretation of the phrase "living together" as used in the Act, and to accomplish the intent of Congress should be broadly construed. The Referee took the position that, since the Massachusetts District Court was limited in its support order to a term not exceeding six years, see section 5 of Chapter 273 of the Massachusetts General Laws (Ter.Ed.), the Congressional interpretation of "living together" should be construed to mean an order which had not expired, either by virtue of its own time limitation or for any other reason. Such an interpretation would put the burden on some one, either the Court or one of the parties litigant, to see that the order was kept alive until the death of the absent husband. I think that this is an unreasonable interpretation, particularly in view of the fact that the husband had absented himself from the control of the Court or the state's authorities. Under these circumstances, I think that the running of the time limitation of the statute should be treated as being suspended in the same manner in which the Statute of Limitations is tolled when a fugitive from justice is absent from the jurisdiction of the authority issuing a warrant of arrest.

I am unable to find any Federal cases in point, and the only Massachusetts case I can find which seems to cover an analogous situation is Gediman v. Cameron, 306 Mass. 138, 27 N.E.2d 696. There it was pointed out that the rights of a wife to recover a personal judgment against her husband for support of herself or child are governed entirely by statute. The decision pointed out that these statutes should be construed as exclusive of all other remedies. They were intended to cover proceedings between living parties. While as between the living parties a limitation of six years seems adequate provision, it can have no effect on a matter such as the Social Se-

curity Act. It was intended to have a limitation upon the power of the Court to adjust proceedings between two living individuals. As between the deceased and his widow, there was outstanding an order for him to contribute to her support.

### Conclusion of Law

On the basis of the foregoing I conclude and rule that the plaintiff, Greta P. Richards, was living with her husband at the time of his death within the meaning of the Social Security Act. The decision of the Administration is therefore reversed.