**Mildred M. GODDARD**

v.

**Marion B. FOLSOM, Secretary of the Department of Health, Education, and Welfare.**

**Civ. A. No. 54–918.**

United States District Court
D. Massachusetts.

Aug. 29, 1955.

Philip T. Jones, East Weymouth, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Lawrence B. Urbano, Asst. U. S. Atty., Boston, Mass., for defendant.

ALDRICH, District Judge.

This is an action brought under 42 U.S.C.A. § 405(g) to revise a final decision of the Secretary of Health, Education and Welfare denying the plaintiff "mother's insurance benefits" under the Social Security Act. There is no dispute on the facts, the only question being whether there has been an erroneous conclusion of law.

The plaintiff and Robert P. Goddard were married in Massachusetts in 1924, and she has continued domiciled there. In 1935 the plaintiff filed in the state court a criminal complaint charging Goddard with wilful non-support of herself and their minor children. He appeared and pleaded not guilty. The case

was continued from time to time, and in 1936 he was defaulted for failure to appear. A capias was issued, but not served, as he had left the Commonwealth, never to return. He died in 1953, leaving the plaintiff and a minor child. Benefits have been paid to the latter.

The plaintiff, as the widow, is entitled to benefits only if she was "living with [her husband] at the time of his death". 42 U.S.C.A. § 402(g). Under the Act a wife was living with her husband if one or more of the following conditions obtained: (1) they were both members of the same household; (2) she was receiving regular contributions from him towards her support; or (3) "he had been ordered by any court to contribute to her support." Concededly the plaintiff did not establish the first two conditions. It was ruled below that she did not meet the third requirement. I agree.

A default order is not an order for support. Plaintiff's position misconstrues the state court action and the nature of the proceedings. In the first place the Massachusetts proceeding was not one for separate support in the probate court, but was a criminal prosecution. Even if the defendant had been found guilty, the conviction, per se, would not have constituted an "order for support." True, the court might have imposed a fine, or have ordered the defendant to pay "certain sums periodically" to the probation officer, and in its discretion it might have directed the officer to turn over some or all of such payments to the plaintiff, among others, for her support. Mass.G.L.(Ter.Ed.) Ch. 273, §§ 1-5. Had the court taken such action, a broad interpretation of the Act would have considered it a court order to contribute to the plaintiff's support. Richards v. Social Security Administration, D.C.D.Mass., 76 F.Supp. 12. The matter, however, never reached that stage. Even if the entry of a default were the same thing as a finding of guilty, which I doubt, but do not need to decide, a conviction, per se, is not the equivalent of a support order. The court might thereafter have imposed a straight jail sentence, or might have directed that any payments ordered be applied for the children. Cf. Colbert v. Hobby, D.C.S.D.N.Y., 130 F.Supp. 65.

In providing that a husband would be regarded as "living with" his wife if there were a long-outstanding, but unobeyed court order for him to support her, the Act went beyond the ordinary meaning of that phrase. I would be going much further than that if I were to rule that it was enough for the plaintiff to show, in a separate proceeding, that though the court did not do so, it could have ordered such support.

The complaint will be dismissed.