Viola COLBERT, Plaintiff-Appellant,

v.

Marion B. FOLSOM, Secretary of Health, Education, and Welfare, Defendant-Appellee.

No. 169, Docket 23726.

United States Court of Appeals Second Circuit.

Argued Feb. 14, 15, 1956.

Decided March 5, 1956.

Elizabeth Robinson, New York City, for plaintiff-appellant.

Arthur B. Kramer, Asst. U. S. Atty. for Southern Dist. of New York, New York City (Paul W. Williams, U. S. Atty., and Maurice N. Nessen, Asst. U. S. Atty., New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

■■ Notwithstanding the able and vigorous arguments urged on behalf of the plaintiff, we are constrained to agree with Judge Edelstein's reasoned conclusion, Colbert v. Hobby, D.C.S.D.N.Y., 130 F.Supp. 65, that plaintiff was not "living with" her husband at the time of his death in 1949 so as to entitle her to a lump sum death payment under the Social Security Act, §§ 202(g) and 209(n), 42 U.S.C. §§ 402(g) and 409(n), as amended. Plaintiff and the deceased were married in Atlanta, Georgia, in 1922; he deserted her and his infant daughter in 1924 and never lived with her thereafter; and although he made small and infrequent contributions to her until 1933 or 1934, all support ceased at that time. She did not pay his funeral or burial expenses. Even though she was the wronged person, the legislative history, developed by Judge Edelstein in his opinion, demonstrates that the statutory phrase did not contemplate provision for a wronged wife as such or windfall to those suffering no economic loss from the wage earner's death, but rather that payment should go to those equitably entitled through assumption of the cost of last illness or burial.

It is true that the definition of "living with" in § 209(n), as amended, included also a widow whose husband had been ordered by a court to contribute to her support; and plaintiff relies on a 1924 order of a criminal court in Atlanta which had found the husband guilty of abandonment of his minor child and had put him on probation on condition that he support the child. This long expired order, for the child's, not the mother's, benefit, clearly cannot repair the defect in her claim of a quarter century of separate living. Judge Edelstein in his comprehensive opinion deals adequately with the supporting administrative regulations, as well as certain inconclusive dicta in earlier district court cases.

Affirmed.