Mary J. LONGLEWAY

v.

Marion B. FOLSOM, Secretary of Health, Education and Welfare.

Civ. A. No. 56–851.

United States District Court
D. Massachusetts.

May 14, 1957.

Richard H. Lee, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Oscar S. Burrows, Asst. U. S. Atty., Boston, Mass., for defendant.

FORD, District Judge.

Defendant moves for summary judgment in this action brought under 42 U.S.C.A. § 405(g) to review a final decision of defendant holding that plaintiff was not entitled to mother's insurance benefits and lump sum death payment as the surviving widow of a covered wage earner Frank J. Longleway. At the hearing on this motion, plaintiff conceded that her late husband's funeral expenses had been paid by his executor and not by her and that she was not entitled to the lump sum death payment.

Plaintiff married Frank J. Longleway in 1934. Two children were born of this marriage. The couple separated in 1944 and did not live together since that time. Longleway twice sued for divorce in Massachusetts in 1944 and 1947, and again in Florida in 1951. All three petitions were dismissed. Mrs. Longleway brought petitions in 1939, 1944 and 1950 in Massachusetts for separate support for herself and the children. All of these petitions were dismissed. In some of these proceedings a temporary order for payments for her support was issued, but in each case the order terminated with the dismissal of the proceeding. In 1945 on her petition to the Middlesex Probate Court in Massachusetts, plaintiff was awarded custody of the children, and an order for payment of $40 a week for their support was entered. Thereafter Longleway did make regular weekly payments to plaintiff in varying amounts, usually between $18 and $22 a week, and never exceeding $40 a week, the amount he was required to contribute to the support of the children. From 1950 until his death in 1954 Longleway lived outside of Massachusetts.

In order to qualify for payments under the Act, a widow must have been living with her husband at the time of his death. 42 U.S.C.A. § 416(h) (2) provides that " * * * a widow shall be deemed to have been living with her husband at the time of his death if they were both members of the same household on the date of his death, or she was receiving regular contributions from him toward her support on such date, or he had been ordered by any court to contribute to her support."

It is conceded that plaintiff and her husband were not members of the same household at any time after 1944, and also that at the time of the husband's death there was no court order in effect requiring him to contribute to her support. Plaintiff does contend that the payments being made by her husband were regular contributions to her support.

The referee of the Social Security Administration found on July 10, 1956, that the evidence was not such as to justify a finding that the wage earner ever intended to contribute to the support of his wife, that he made only such contribution as was required by the court order for the support of his children and never intended that any such sums were to be used for his wife's personal expenses. These administrative findings of fact, if supported by substantial evidence, are conclusive. Here the fact that the husband never paid more than the amount required by the court order for the support of the children, together with the history of the relationship between husband and wife, offers substantial evidence to support a finding that any payments made by the husband were not for the support of the wife but for the support of the children. In fact plaintiff concedes in her brief that Longleway wanted to get rid of his wife and children and wanted to prevent them from receiving any benefits which he could deny them without hurting himself.

Plaintiff, however, further contends that the referee misinterpreted the law by basing his finding on the intent of the husband in making the payments and ruling that it was immaterial that plaintiff may have actually used for her own support payments intended for the support of the children. This, plaintiff contends, involves a shocking construction of the statute which would give an absconding husband power to deprive his wife of benefits by his intention to injure her.

However, it is clear that § 416(h) (2) provides alternative means by which a widow who was separated from her husband at the time of his death can show that she is entitled to benefits. One is by showing that the husband did in fact voluntarily contribute to her support. This test involves, of course, an intention by the husband to support her. The other method, available where the husband did not intend to support her, is to show that she established her right to support during his lifetime by obtaining a court order for her support, whether or not she ever received any payment from him in compliance with that order. It is the fact that the court issued the order for support which is decisive. It is not enough to show now that a court could or should have made such an order. Goddard v. Folsom, D.C., 145 F.Supp. 307.

Here it is clear that the husband did not intend to contribute voluntarily to her support. For reasons which do not appear on the record she never succeeded in getting a permanent court order for her support. While after 1950 the husband may have kept himself beyond the jurisdiction of the Massachusetts courts, this does not explain the failure of her two earlier attempts to obtain such an order. Neither do we have here the situation presented in Richards v. Social Security Administration, D.C., 76 F. Supp. 12. There the wife had obtained a valid order for her support and it was held that the running of statutory time limit for effectiveness of the order was tolled while the husband remained in another state beyond control of the court.

Plaintiff further contends that she was not given a fair hearing. It appears that she was accompanied by her own attorney at the hearing before the referee and there was no showing that she was denied any opportunity to present any evidence relevant to the issues in the case. The allegedly erroneous statements appearing in the record, as set forth in her affidavit, seem to concern only the question of who was at fault in the differences between plaintiff and her late husband and hence are immaterial to the issues involved here.

Defendant's motion for summary judgment is allowed.