Helen I. TREIRES, Plaintiff,

v.

Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.

Civ. 190–56.

United States District Court
D. New Jersey.

Aug. 9, 1957.

**700**

Milstead & McElroy, by Albert J. McElroy, Vineland, N. J., for plaintiff.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by John H. Mohrfeld, III, Asst. U. S. Atty., Camden, N. J., for defendant.

MADDEN, District Judge.

This action is, in effect, an appeal from an administrative ruling by the Social Security Administration brought under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g) to review a determination by that body that the widow, plaintiff here, Helen I. Treires, was not entitled to monthly benefits as the widow of Louis J. Treires, sometimes known as Louis J. Herman, and hereinafter referred to as the husband or wage earner, because the plaintiff was not "living with" him at the time of his death, as required by the Act.

A stipulation of facts has been entered of record by both plaintiff and defendant and both have moved for summary judgment thereon and filed briefs in support thereof. There is only one question for determination by the court: i. e., Was there substantial evidence to support the finding of fact and the legal conclusion that the plaintiff-widow was not living with the husband at the time of his death

under the provisions of the Act as interpreted by the cases?

Before beginning a review of the facts it might be well to point out the particular section of the Act involved, namely, Section 216(h) (2) (42 U.S.C.A. § 416 (h) (2) ) which provides, as follows:

> "A wife shall be deemed to be living with her husband if they are both members of the same household, or she is receiving regular contributions from him toward her support, or he has been ordered by any court to contribute to her support; and a widow shall be deemed to have been living with her husband at the time of his death if they were both members of the same household on the date of his death or she was receiving regular contributions from him toward her support on such date or he had been ordered by any court to contribute to her support."

The plaintiff here admits that she does not come within the provisions of the Act that she was physically living in the same household or that he was actually contributing regularly to her support but rests her argument solely upon the claim that she comes within the provisions and interpretation of, "he had been ordered by any court to contribute to her support."

The facts briefly stated are: plaintiff and wage earner were married October 12, 1952; October 10, 1953, a son, John Louis, was born. Plaintiff and husband lived in Philadelphia, Pennsylvania until November 11, 1954 at which time, at the direction of the husband, plaintiff left their home in Philadelphia, Pennsylvania with the child and went to reside with her parents at Vineland, New Jersey. Thereafter the husband refused to contribute to the support of either plaintiff-wife or the child.

Around the middle of February, 1955 plaintiff here filed suit for absolute divorce in the County Courts of Philadelphia, Pennsylvania alleging residence in Philadelphia and setting forth her grounds, i. e., indignities to the person. The suit did not seek support, mainte-

nance or alimony. No responsive pleading was filed by the husband and during the pendency of the divorce proceedings the husband died April 21, 1955 at Philadelphia. Plaintiff has not remarried and has taken all necessary administrative steps to process her application and claim and review thereon (an award was granted for benefits of the child, John Louis, but is not involved in this matter).

The position of plaintiff is clearly set forth in paragraph 10 of the Stipulation:

"10. Although the deceased wage earner, Louis J. Treires, was not under a court order to contribute to the support of the plaintiff at the time of his decease, the right of the plaintiff to seek an order for alimony and support would have continued up to the time of the hearing for divorce and for three months thereafter, and by reason of the death of the deceased wage earner, Louis J. Treires, plaintiff was prevented from filing such petition for alimony and support for her."

█ It has been said so often that it should not need repeating, that the findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive. Ferenz v. Folsom, 3 Cir., 1956, 237 F.2d 46; Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75; and more recently Goldman v. Folsom, 3 Cir., 246 F.2d 776, Opinion by Judge Kalodner, wherein it was said:

"Section 205(g) of the Social Security Act, as amended provides:

" ' * * * The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive * * *'

"By virtue of the provisions of the section cited as well as the Administrative Procedure Act [5 U.S.C.A. § 1001 et seq.] we are charged with the duty of ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact. Ferenz v. Folsom, 3 Cir., 1956, 237 F.2d 46.

"In discharging that duty we must keep in mind, as adjured by the Supreme Court, that 'courts must now assume more responsibility for the reasonableness and fairness' of decisions of federal agencies 'than some courts have shown in the past' and 'Reviewing courts must be influenced by a feeling that they are not to abdicate the conventional judicial function.' Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 490, 71 S.Ct. 456, 95 L.Ed. 456."

Plaintiff here relies heavily upon Richards v. Social Security Administration, D.C.Mass.1948, 76 F.Supp. 12. In that case after the marriage and separation the husband pleaded guilty to a criminal complaint charging him with desertion and non-support. The court placed the husband on probation for one year and ordered him to support his wife and family. A year later this order was extended for another year and about this time the husband left Massachusetts and went to Florida where he remained until his death. He defaulted his appearance on probation and a capias was issued for his arrest in Massachusetts. He was never served, however, and the State of Massachusetts never made any effort to make him return to assume his responsibilities. The District Court after reviewing the Act and the social history thereof, concluded (at page 14):

"As between the deceased and his widow, there was outstanding an order for him to contribute to her support."

The Richards case, supra, has been overruled by subsequent decisions. In Goddard v. Folsom, D.C.1955, 145 F. Supp. 307, at page 308, District Judge Aldrich, of the District of Massachusetts, held:

"Even if the defendant had been found guilty, the conviction per se would not have constituted an 'order for support.' "

And further:

"In providing that a husband would be regarded as 'living with'

his wife if there were a long-outstanding, but unobeyed court order for him to support her, the Act went beyond the ordinary meaning of the phrase. I would be going much further than that if I were to rule that it was enough for the plaintiff to show, in a separate proceeding, *that though the court did not do so, it could have ordered such support.*" (Emphasis supplied.)

In Colbert v. Hobby, D.C.S.D.N.Y.1955, 130 F.Supp. 65, affirmed Colbert v. Folsom, 2 Cir., 230 F.2d 846, the court denied recovery to a widow because she was not "living with" the wage earner at the time of death and in that case the court had under consideration the fact that in 1924 the Criminal Court of Atlanta, Georgia issued an order requiring the husband to make certain payments as a condition to probation in lieu of a twelve month sentence imposed upon him for the abandonment of a child of the marriage.

And in Rosewall v. Folsom, 7 Cir., 1957, 239 F.2d 724, at page 727, the court denied relief to a widow who was attempting to receive rights under the Act whose deceased husband had been under a Criminal Court order of probation and support in lieu of jail, which order had been in default for some time prior to the death of the husband. In that case the court said:

"It was the view of the District Court that it was not necessary for plaintiff to show a support order enforceable against the wage earner at the time of his death; that it was sufficient that a wage earner had been ordered to contribute to plaintiff's support during his life time. In holding this view, the District Court was clearly in error."

And further:

"The District Court case of Richards v. Social Security Administration, 76 F.Supp. 12, does give support to the contentions of the plaintiff herein. However, we think Richards was wrongly decided. The conclusions we have reached are supported by Colbert v. Hobby, D.C., 130 F.Supp. 65, affirmed sub. nom. Colbert v. Folsom, 2 Cir., 230 F.2d 846, and Stuart v. Hobby, D.C., 128 F.Supp. 609."

As this court reads Ferenz v. Hobby, D.C.W.D.Pa.1955, 138 F.Supp. 446, reversed 3 Cir., 1956, 237 F.2d 46, the factual situation of that case lends no assistance in making an analogy of the present facts.

■ In the present case there are no facts indicating any order of any sort by any court directing the deceased husband to support his wife. Merely the tenuous argument that for a certain limited time she had the right to apply to a court for such relief.

The court can assume that the members of Congress when they wrote the Act and its amendments covering the three methods for coming within the provisions of the term "living with" were familiar with marital difficulties and litigation, and to this court it is quite clear that the first two provisions, namely, living in the same household or the husband giving the wife regular contribution for her support were meant to indicate upon the part of the wage earner husband a voluntary recognition of his moral and legal responsibilities toward his spouse. Short of that, and in the event of litigation between husband and wife regarding support, it would seem that Congress intended the decision concerning those rights to be decided by the proper tribunal having jurisdiction of the parties and the subject matter and it very definitely spoke of such disposition in the past tense when it used the words, "or he had been ordered by any court to contribute to her support."

■ Many divorce actions are the result of secret but none the less collusive agreements by parties wanting their mutual freedom from each other. The mere fact that here a divorce action had been instituted and was itself uncontested cannot give rise to the inference that if

plaintiff-wife here started either a separate or ancillary support action that it likewise would be uncontested and to the further inference that she would ultimately be successful in such litigation. For the plaintiff to recover here the learned Referee would have had to found such inference upon inference and then relate it back to the date of death of the wage earner husband. Such a finding could not be supported by any substantial evidence in the record and any conclusion to such effect would be clearly erroneous.

The action of the Referee and the Administrative body was proper and the motion for summary judgment in behalf of defendant will be granted and the like motion in behalf of plaintiff will be denied.

Counsel will prepare an appropriate order.