Arthur F. REMINGTON, Plaintiff,

v.

Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 6556.

United States District Court
N. D. New York.
Oct. 16, 1957.

H. Andrew Schlusberg, Gloversville, N. Y., Richard H. Hood, Gloversville, N. Y., of counsel, for plaintiff.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Charles J. Miller, Asst. U. S. Atty., Syracuse, N. Y., of counsel, for defendant.

FOLEY, District Judge.

The complaint herein seeks in effect the provided review of a decision of a referee of the defendant government agency as prescribed in Section 205(g), as amended, of the Social Security Act (42 U.S.C.A. § 405(g). · The administrative remedies have been exhausted by the plaintiff since the Appeals Council of the agency denied the Request for Review of the referee's decision in accord with the discretion granted to it by the administrative regulations (20 C.F.R. 403.710(b); see also 20 C.F.R. 403.710 (e) ). The defendant now moves for summary judgment, and as usual the pleadings and transcript of the record (including the referee's decision) are filed, which by the terms of 205(g) empower the court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

■■ Court review in these matters is a delicate thing because of the clear congressional intent that the findings of the Secretary are not to be disturbed as to any fact if supported by substantial evidence. The cases are legion as to the restricted grant of review by the courts, and the leading case in this circuit as to the limited scope of review is Walker v. Altmeyer, 2 Cir., 137 F.2d 531. There can be no substitution of the judicial judgment for the administrative judgment merely because it is possible to draw different inferences and conclusions from the record than drawn by the referee. Thurston v. Hobby, D.C., 133 F.Supp. 205, 209–210.

Here in the record we have a comprehensive and detailed decision by the referee dated December 7, 1956. It discusses thoroughly the pertinent provision of Section 216(i) of the Social Security Act (42 U.S.C.A. § 416(i) under which the plaintiff seeks to establish a period of disability, and also reviews intelligently the legislative reports which indicate the extreme physical impairment that must be present to conclude definitely that the individual is precluded "from performing any substantial gainful work."

■ The injury here is one to the back, most difficult, as any trial judge knows, to evaluate as to past, present and future impairment. The most that can be done is to infer and conclude as fairly as possible from the medical evidence the extent of the disability. Under the written reports of the doctors in this case, which were all that was presented in this respect at the hearing, it seems to be a reasonable and allowable conclusion that the plaintiff did not show that he had a physical impairment which, in the sense of the statute and its construction, precluded him from the performance of any substantial gainful work. The referee conceded in his decision that the plaintiff sustained a painful and serious physical impairment, but it was important, as he noted, that the specialists who examined him agreed that a spine fusion operation had good chance to remedy to a great extent the disability. Theberge v. United States, 2 Cir., 87 F.2d 697. These are all imponderables, of course, far beyond the limit of the human mind to foresee, but there is substantial medical evidence to support the conclusion of the referee as he saw fit to draw it in this realm of possibilities and probabilities. Another im-

portant circumstance is that the referee had the opportunity to observe and listen to the plaintiff at the hearing. It has been said that a witness' demeanor is a kind of "real evidence". Colby v. Klune, 2 Cir., 178 F.2d 872, 874. In my judgment, there is sufficient evidence in the record to support the referee's findings and conclusions as permissible even though as in all factual situations like this, particularly where medical diagnosis and opinion are present, reasonable argument could be made to infer and conclude the other way. Thurston v. Hobby, supra.

The motion by the defendant for summary judgment is granted and the Clerk shall enter judgment affirming the final decision of the defendant Secretary, rendered by the referee on December 7, 1956, and also dismissing the complaint.

It is so ordered.