Clarence **J. CHESNEY**

v.

**Arthur S. FLEMMING, Secretary of
Health, Education and Welfare, Social
Security Administration.**

Civ. A. No. 3916.

United States District Court
E. D. Tennessee,
Northern Division.

Jan. 27, 1960.

T. F. Chandler, Knoxville, Tenn., for
plaintiff.

John C. Crawford, Jr., U. S. Atty.,
Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

This action was instituted by Clarence
J. Chesney against Arthur S. Flemming,
Secretary, U. S. Department of Health,
Education and Welfare, under Title 42, §
405(g), U.S.Code, commonly referred to
as Part II of the Social Security Act, to
review a final decision of the Secretary
which denied insurance benefits to the
plaintiff under 42 U.S.C. § 423, of the
Act.

Plaintiff filed an application for in-
surance benefits with the Bureau of Old
Age and Survivors Insurance of the So-
cial Security Administration on October
29, 1956. The application was denied.
A request was made for a hearing before
the Referee. The request was granted
and a hearing was held by Referee Jen-
nings B. King, Knoxville, on December
5, 1958, at which plaintiff and his at-
torney, William E. Badgett, Esquire,
were present. The Referee denied plain-
tiff's application for benefits. An ap-
peal was taken by plaintiff to the Of-
fice of Appeals Council, and the Council
refused to review the Referee's findings
and conclusions.

Plaintiff filed his action in this court
on August 3, 1959, to have reviewed and
reversed the decision of the Referee, and
for a judgment by this Court adjudging
him entitled to the benefits provided for
by the Social Security Act for disabled
persons, or, in the alternative, to re-
mand the case to the Administrator for
a new hearing.

The Government has answered the
complaint, and in its answer asks that the
decision of the Referee be affirmed.

Plaintiff has filed a motion for a sum-
mary judgment under Rule 56, Federal
Rules of Civil Procedure, 28 U.S.C.A.,
upon the ground that the records shows
that he is entitled to a judgment as a
matter of law.

The Government has also filed a mo-
tion for summary judgment under the
same rule, on the ground that the plead-
ings and the transcript of the record on

file show that it is entitled to a ruling from this Court affirming the decision of the Referee as a matter of law.

The Referee reviewed plaintiff's work record starting in 1945 as an employee of the Southern Railway Company and which lasted until December, 1955. Plaintiff's medical record shows that he sustained a back injury in 1947. His back was again injured in December, 1955 while working for the railroad and he was placed in St. Mary's Memorial Hospital in Knoxville where he was treated during the month of January, 1956 and a brief period in February, 1956. He was having abdominal pain while in the hospital. The examination made no mention of a back injury.

Doctor Thomas F. Stevens examined him on March 14, 19th, and May 5, 1956. His report of these examinations is dated November 9, 1956 and is to be found on page 58 of the transcript. His report shows that on his first examination plaintiff presented a history of sustaining an injury to his back in 1947 when he was working for the railroad; he was off from work for one month and 23 days at that time, and he stated that his back had hurt ever since; that in January, 1956 he again sustained an injury to his back and he has not worked since.

The medical examination showed a flattening of the lumbar spine. On hyperextension the lumbar muscles could be relaxed but upon flexion they had a tendency to tighten and there was indefinite spasm. The right and left lateral bending was slightly limited; straight leg raising was very mildly positive at 110 degrees, and there were no sensory changes. X-rays revealed "a very marked osteoarthritis, lumbosacral joint, with marked spurring between the 4th and 5th lumbar interspaces anteriorally, the spurs almost fused from the X-ray picture. This, I feel, is one of the largest ones I have seen. Osteoarthritis of the lumbar spine, particularly lumbosacral joint, and large spurring of the entire lumbar spine, particularly between the 4th and 5th lumbar interspaces."

On May 5, 1956, Doctor Stevens advised plaintiff to wear a brace, and fitted him with a brace. At that time he was advised to return to his office within a month, but plaintiff never returned.

On July 28, 1958, Doctor Simmons, the personal physician of plaintiff, certified that he was suffering from osteoarthritis of the lumbar spine (severe), and that he was totally disabled. Doctor Simmons had given a statement on January 8, 1958 stating that plaintiff was not able to do heavy lifting or bending due to the condition of his spine. In this statement, the doctor used this language: "Mr. Chesney has no education and cannot do office work or find light work, which he could do to support himself and family."

It is to be noted from the foregoing statement that Dr. Simmons was of the opinion that Chesney could do light work in 1958.

In order for plaintiff to have come within the benefits of 42 U.S.C.A. § 423 (c), based on his application of October 29, 1956, it was necessary for him to have shown to the Referee that he became disabled June 30, 1956 and continued disabled from engaging in a substantial gainful activity up to the time he filed his application for benefits. The Referee held that plaintiff failed to show that he was suffering from an impairment or combination of impairments of sufficient consequence to render him unable to engage in any substantial gainful activity.

■ If there is substantial evidence to support the findings and conclusions of the Referee, this Court is without power to change them. The rules to be followed by a court in a case of this character are outlined by District Judge John E. Miller in the case of Bostick v. Folsom, D.C., 157 F.Supp. 108, et seq. In that case the Court stated, while quoting from other decisions, that if the findings as made by the Referee are supported by substantial evidence they are conclusive. It also stated that the majority of the courts extend the finality of the Referee's findings to reasonable

inferences and conclusions that he draws from the evidence if there is substantial basis for the conclusions. 157 F.Supp. at page 110.

The Tenth Circuit, in the case of Hobby v. Hodges, 215 F.2d 754, discusses the jurisdiction of the court in a case arising under 42 U.S.C.A. § 405(g). In that case the Court said: " * * * * The findings of the Administrator are conclusive upon the court as to any fact if supported by substantial evidence. 42 U.S.C.A. § 405(g). * * * The review is not a trial de novo but is limited to the pleadings and the transcript of the proceedings at the hearing. The district court has jurisdiction only to review the record. The statute does not give the district court power * * * to hold a hearing and determine the merits of the claim. The determination of claims is solely a function of the Administrator." 215 F.2d at page 757.

In the case of Carqueville v. Flemming, 7 Cir., 1959, 263 F.2d 875, 877, the Court said in part: "The plaintiff had the burden of proof before the Referee to establish that the required conditions for eligibility had been met. * * * The jurisdiction of the District Court was exercised by authority of Sec. 205(g) of the Social Security Act as amended. 42 U.S.C.A. § 405(g). This section provides: 'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *' Therefore, the function of the District Court was to review the record to determine whether it contained substantial evidence to support the administrative decision. Neither we nor the District Court have the right to make our own appraisal of the evidence. Rosewall v. Folsom, 7 Cir., 239 F.2d 724, 728.

"The finality accorded by Sec. 205(g) of the Act to the administrative findings extends as well to the inferences from the evidence made by the Secretary if a substantial basis for them appears in the record. Rosewall v. Folsom, 7 Cir., 239 F.2d 724, 728; United States v. LaLone, 9 Cir., 152 F.2d 43, 44."

The Referee found the 2nd, 3rd and 4th lumbar vertebrae of Chesney are involved, but "his arms and lower extremities are free from severe impairment, it appears reasonable to assume that the claimant could engage in some type of work not requiring much standing, walking or bending."

Another significant finding of the Referee is: "The evidence submitted in this case is considered to be insufficient to establish conclusively that the claimant has been prevented from engaging in all types of work because of his back condition. The Referee has no desire to minimize the severity of the impairment of the claimant's back, but is well aware that the provisions of the law are well defined and strict and must be met before a holding may be made that the individual is unable to engage in any type of substantial gainful work."

The Referee noted that he had ample opportunity to observe plaintiff's physical condition during the hearing and "he had good use of his legs and arms and seemed to move about reasonably well without evidence of pain. After considering all the evidence in the case, the Referee cannot in good conscience hold this claimant to be disabled to the degree contemplated by law for entitlement to the benefits for which he has made application."

The final conclusion made by the Referee is, "After such consideration, the Referee is compelled to the conclusion, and so holds, that the claimant, Clarence J. Chesney, is not entitled to the establishment of a period of disability nor to disability insurance benefits for which he applied." In the opinion of this Court, there is substantial evidence to support the findings and conclusions of the Referee. The case of Remington v. Folsom, D.C.N.D.N.Y.1957, 157 F. Supp. 473, involved a back injury somewhat similar to the one involved in the instant case. In that case the Court sustained the findings and conclusions of the Referee denying benefits to the claimant.

This Court concludes that the motion for summary judgment filed in behalf of the Government should be, and is, sustained, and the motion for summary judgment filed by plaintiff is denied.

Let an order be presented in conformity with the views expressed herein.