**Irene H. CROOKS, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of the Department of Health, Education and Welfare, Defendant.**

Civ. A. No. 764.

United States District Court
W. D. Pennsylvania.

Nov. 1, 1961.

Henry Onofrio, Bradford, Pa., for plaintiff.

John A. Bowler, U. S. Atty., Erie, Pa., for defendant.

WILLSON, District Judge.

This is an action by plaintiff seeking a review of a decision of the Secretary of Health, Education and Welfare, denying her a disability freeze under Section 216(i) of the Social Security Act as amended, 42 U.S.C.A. § 416(i). A copy of the transcript of the proceedings before the Social Security officials has been filed as a part of the record, under Section 205(g) of the Act, 42 U.S.C.A. § 405 (g). The court has the power to review defendant's record and enter a judgment "affirming, modifying, or reversing the decision of the Secretary with or without remanding the cause for a rehearing."

On December 11, 1958, plaintiff filed an application for benefits with the

Social Security Administration on the basis of an alleged total disability resulting from an injury to her back suffered in an accident while at work on March 28, 1958. The only issue considered by the Social Security Administration was whether the plaintiff was under a total disability preventing her from engaging in any substantial gainful activity. The decision of the hearing examiner as finally adopted was that the plaintiff did not establish a period of total disability and was therefore not entitled to disability insurance for which benefit she had applied.

Section 205(g) of the Social Security Act as amended, 42 U.S.C.A. § 405(g), provides in part:

"  *   *   *  The findings of the Secretary as to any fact, if supported by substantial evidence shall be conclusive.  *   *   *  "

Under this provision it is the duty of the court to review and determine "whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact". Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776.

Plaintiff contends that the factual evidence favors her and that the findings of the Secretary are not supported by substantial evidence. Under the circumstances, it is necessary to review the record before the Secretary, and with particular reference to the evidence given by the physicians. Plaintiff was born April 12, 1907, and is now 54 years of age. She was employed at the Emery Hotel in Bradford, Pa. for about 17 years. Her last regular employment between 1952 and 1958 was in the hotel laundry. On March 28, 1958, she suffered a back injury while pushing a heavy laundry cart and she was forced to cease work on April 16, 1958. Since this date she has not been gainfully employed and has received Workman's Compensation benefits.

Plaintiff was first treated by a Dr. Horace D. Simmons, an osteopathic physician and surgeon of Bradford. Three of his medical reports were considered as evidence by the hearing examiner. The first report of January 9, 1959, while indicating lipping of the 6th and 8th vertebrae, makes no comment on her ability to work in any capacity. The second report of July 22, 1959, indicates that the plaintiff is restricted in the use of her arms above the shoulder level and lifting. A third report of June 10, 1960, read as follows:

"Mrs. Crooks is physically unable to participate in any manual work of a gainful nature and is very limited to any house care in her own home."

In December of 1958 the plaintiff was hospitalized and treated by several physicians employed by the Workmen's Compensation Board. The report of one of them, Dr. Thomas R. Lehan of Erie, Pa., while acknowledging a sprain to the back, observes that "This patient suffers from a great functional overlay and no improvement is expected." There is also in the record a report from Dr. M. Rotstein of Bradford dated July 21, 1959, which indicates that the "patient is unable to work at this time. She will not improve physically."

There are two reports of Dr. Robert E. White of Bradford that recognize a severe back strain by the plaintiff but do not offer any opinions as to her ability to perform work.

The record also contains a medical report from Harold M. Childress, M. D., an orthopedic surgeon of Jamestown, New York, who examined the plaintiff for the Commonwealth of Pennsylvania, Division of Disability Determination. This report dated May 22, 1959, reviews the history of the plaintiff, diagnoses her injury as "osteoarthritis at dorsal spine, mildly symptomatic." The Doctor then offers his opinion "that she is able to perform work compatible with her age and sex and general development. She would no doubt be improved both mentally and physically if she could return to some form of light work."

One other Doctor's statement was considered by the hearing examiner. Dr.

R. E. Mountain of Olean, New York, with no factual or historical discussion of the plaintiff merely stated as follows:

"In my opinion (Irene Crooks) is not able to do gainful work due to arteriosclerotic cardiovascular disease."

But the plaintiff then testified at her hearing that she had not been treated by Dr. Mountain since her accident in March of 1958.

The hearing examiner comprehensively reviewed all the medical reports and the plaintiff's testimony. He found no probative value in Dr. Mountain's statement "since it fails to set forth any findings upon which that opinion is based and more importantly, since Dr. Mountain has not treated the claimant in the last four or five years." (TR 23). He notes that Dr. Simmons' reports indicate only that the plaintiff is unable to participate in any *manual* work and he of course gives considerable recognition to Dr. Childress' opinion that plaintiff is able to perform work although he does acknowledge that she may be unable to return to the strenuous work she was doing.

■ Further, the hearing examiner had the opportunity to observe and listen to the plaintiff at the hearing. This in itself is a "kind of evidence." Remington v. Folsom, 157 F.Supp. 473 (D.C. N.Y.1957).

■ The case simply boils down to the single issue of whether plaintiff sustained her burden of proving that she was unable to do any gainful work. Under the written reports of the Doctors in this case, the hearing examiner could reach a reasonable and allowable conclusion that the plaintiff did not sustain her burden. Moreover, this court concludes that the record shows substantial medical evidence in support of the conclusions of the hearing examiner. Under the statute and the case law this court is bound by the administrative findings as they are supported by substantial evidence. Ferenz v. Folsom, 237 F.2d 46, 3 Cir. 1956.

This case is distinguished from that of Hill v. Fleming, 169 F.Supp. 240, decided by Judge Marsh of this court. In the Hill case all the medical evidence was unimpeached and it showed that the plaintiff was unable to work. In the instant case there are differing opinions of medical Doctors and it was for the hearing examiner to decide which is the more persuasive.

### ORDER

AND NOW, this 1st day of November, 1961, for the reasons mentioned in the foregoing memorandum, defendant's motion for summary judgment is granted, the decision of the Secretary of Health, Education and Welfare is affirmed and the Clerk is directed to enter judgment in favor of Abraham A. Ribicoff, Secretary of Health, Education and Welfare and against the plaintiff, Irene H. Crooks.