**Charles M. VARNER**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare.**

**Civ. No. 4187.**

United States District Court
E. D. Tennessee, N. D.

Dec. 4, 1961.

Eugene Webb, Cheek, Taylor & Groover, Knoxville, Tenn., for plaintiff.

J. D. Reddy, U. S. Atty., Chattanooga, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

This suit was filed under Section 205 (g) of the Social Security Act, 42 U.S. C.A. § 405(g), to review the decision of the Secretary of Health, Education and Welfare. If the findings of fact of the Secretary are supported by substantial evidence, they are binding upon the trial court under this provision of the Act.

Final decision in this case was rendered on December 19, 1960 by the Appeals Council. The Appeals Council affirmed the decision of the Hearing Examiner (now referred to as the "Referee") which was rendered on March 25, 1960.

The Examiner and the Appeals Council held that plaintiff was not entitled to establishment of a period of disability under Section 216(i) of the Act (42 U.S. C.A. § 416(i) ), or to disability insurance benefits under Section 223 of the Act (42 U.S.C.A. § 423).

The sole issue for the determination of this Court is whether there is substantial evidence to support the findings of fact of the Appeals Council.

A review of the record shows that the Examiner gave the case thorough and careful consideration and that he followed the standards prescribed by the Act in reaching his conclusions.

The Appeals Council received and considered evidence not before the Examiner and which tended to support the contentions of plaintiff in the case. This evidence consisted of a letter from Tennessee Mill & Mine Supply Company, Knoxville, Tennessee, dated January 8th, 1960, a former employer of plaintiff. Also, a letter from Locke Plumbing & Heating Company, Knoxville, dated January 4, 1960, likewise submitted by the plaintiff. In addition, a report from St. Mary's Memorial Hospital, Knoxville, dated July 18th, 1960 was received and considered.

The Appeals Council found that the new evidence supported the Hearing Ex-

aminer's conclusion that while "claimant does have some heart involvement which would probably preclude him from engaging in sustained strenuous work activity" the medical does not establish that the impairment is so severe as would be expected to prevent claimant from engaging in any type of substantial or gainful activity.

Further, the Appeals Council adopted "all the findings, inferences and conclusions of the Hearing Examiner based upon the evidential facts, and his decision. * * *" was affirmed.

Plaintiff met the quarters of coverage requirement when he filed his application. In order for plaintiff to be eligible for monthly insurance benefits based upon his application of February 18, 1959, he must have been under a continuous disability as defined in the Act continuing to the time of the filing of his application. (Sec. 223(c) of the Act, 42 U.S.C.A. § 423(c).)

Plaintiff, in his application, stated that he became unable to work in March, 1958 due to a heart condition; that he had an eighth grade education.

At the hearing, he testified that he drove a car into the Knoxville area about once a week, a round trip of around six miles, and did a little work in the garden; that while working as a maintenance man for a sanitarium in 1957 he developed chest pains and was advised to quit work; that during the first month of 1958 he continued to operate a television repair shop in his basement but quit that work and sold the equipment in March, 1958 when the doctor warned him against lifting television sets. His wife corroborated his testimony in these respects.

A medical report of Dr. Hubert Hill, dated February 28, 1959 showed that he had examined plaintiff at irregular intervals since November, 1957 when he was suffering with exertional chest pain; that an electrocardiogram at St. Mary's Hospital showed an irregular rhythmic condition of the heart and abnormal slowness of the heart, and that his blood pressure was 160/104 but was variable and had been as high as 206/130; that there was a slight heart enlargement; no dyspnea or edema but angina on slight exertion.

Doctor Hill diagnosed his condition as angina pectoris with chronic heart disease and hypertension, and stated that in his opinion plaintiff was unable to perform any strenuous activity.

On October 7, 1959 and January 12, 1960, plaintiff was examined by Dr. Hill and it was the opinion of Dr. Hill that he was disabled by virtue of hypertensive arteriosclerosis, cardiac vascular disease, coronary heart disease with angina, circulatory impairment in left lower extremity, which was most likely an arterial obstruction due to arteriosclerosis, and by reason of these disabilities plaintiff was totally disabled from engaging in any kind of work.

Plaintiff was examined by Dr. Howard K. Hicks at the request of the Tennessee Vocational Rehabilitation Agency on April 1, 1959. Dr. Hicks is a specialist in internal medicine. After stating his findings, Dr. Hicks concluded that it was his "clinical impression that plaintiff had arteriosclerotic hypertensive heart disease with anginal syndrome", and indicated that the condition of plaintiff's heart was such that it placed a slight restriction on his activities. He summed up his impression as follows: "Although Mr. Vance has little in the way of objective evidence of heart disease except for moderate hypertension, he is considered to have rather typical angina by history. The angina, which apparently occurs rather infrequently, does impose some limitation of physical activity but is not considered of sufficient severity as to make him totally and permanently disabled. It is my opinion that he could be gainfully employed in some capacity."

Doctor Marvin D. McCullough examined the plaintiff on January 9, 1960. He diagnosed his condition as "angina pectoris, hypertensive heart disease and obesity." It was his opinion that plaintiff was unable to work; that he was 100 per cent disabled to do the type of work he was accustomed to doing, and that he was unable to make a living and that he should receive social security.

Doctor F. L. Rawson at the instance of the Tennessee Vocational Rehabilitation Agency examined plaintiff in February, 1960. Dr. Rawson, of Acuff Clinic, specializes in internal medicine. Dr. Rawson, after stating his findings, concluded that plaintiff's cardiac impairment could not be demonstrated objectively and that his condition was not sufficient to prevent him from engaging in gainful employment.

Thus we have two physicians stating that plaintiff is disabled to the extent that he is prevented from engaging in gainful employment and two physicians stating that he is physically and mentally able to engage in gainful employment.

This situation presents a conflict among the doctors as to whether plaintiff suffers with disabilities that prevent him from engaging in a gainful occupation. The resolution of this conflict addressed itself to the Secretary of Health, Education and Welfare.

As previously indicated, plaintiff has had three administrative hearings provided for him under the Social Security Act and has failed to carry the burden of establishing his disability to engage in a gainful occupation within the meaning of the Act. The findings of the final administrative agency that passed upon his act, which is the Appeals Council, is binding upon this Court if there is sufficient evidence in the record to support those findings.

The reports of Doctors Hicks and Rawson that were received and filed in the record, in the opinion of the Court, sustain the findings and conclusions of the Appeals Council.

In addition, the Examiner who made findings of fact had the advantage of seeing and hearing plaintiff testify and the Appeals Council adopted and affirmed these findings.

It is the opinion of the Court that the findings of the Appeals Council are supported by substantial evidence and are binding upon this Court. See Johnson v. Flemming, D.C., 188 F.Supp. 447; Hutton v. Flemming, D.C., 188 F.Supp. 238; Chesney v. Flemming, D.C., 180 F. Supp. 437, and Hobby v. Hodges, 215 F.2d 754 (C.A.10).

Cross motions for summary judgments have been filed in the case. The motion of the defendant is sustained and the motion of plaintiff is denied.

Present order.